IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Greenville Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) <br> and THE STATE OF MISSISSIPPI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF GREENVILLE, MISSISSIPPI ) <br> ) <br> Defendant. ) | Case No. 4:16cv018-DMB-JMV |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Mississippi, by and through the Mississippi Commission on Environmental Quality, acting through the Mississippi Department of Environmental Quality ("MDEQ"), hereby allege as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and penalties brought under Sections 309(b) and 309(d) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1319 (b) and (d), and under the Mississippi Air and Water Pollution Control Law ("MAWPCL"), (Miss. Code Ann. §§ 49-17-1 through 49-17-45), specifically Miss. Code Ann. § 49-17-43, against the City of Greenville,

1

Mississippi ("Greenville") for discharges of pollutants from August 2008 through the date this Complaint was filed, including discharges of pollutants from unpermitted point sources in violation of Section 301 of the Act, 33 U.S.C. § 1311, and of Miss. Code Ann. § 49-17-29(2), and for violations of effluent limitations and other conditions established in the National Pollutant Discharge Elimination System ("NPDES") permit issued to Greenville by MDEQ pursuant to its EPA-approved permit program under Section 402 of the Act, 33 U.S.C. § 1342.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the Act, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355, and over the Parties. This Court has supplemental jurisdiction over Mississippi's state law claims under the MAWPCL pursuant to 28 U.S.C. § 1367(a) because the state law claims are related to the federal law claims and form part of the same case or controversy.

3. The United States has authority to bring this action on behalf of the Administrator of EPA ("Administrator") under Section 506 of the Act, 33 U.S.C. § 1366. MDEQ has the authority to bring this suit on behalf of the State of Mississippi in accordance with Miss. Code Ann. §§ 49-2-13, 49-2-21, 49-17-17, and 49-17-43 and the common law of Mississippi.

4. Venue is proper in the Northern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which Greenville is located and in which the alleged violations occurred.

5. Notice of the commencement of this action has been provided to the State of Mississippi pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b). The State of Mississippi joins this action as a plaintiff, thereby satisfying the requirements of Section 309(e) of the Act, 33 U.S.C. § 1319(e).

## DEFENDANT CITY OF GREENVILLE

6. Defendant Greenville is a "city" within the meaning of Miss. Code Ann. § 21-1-1 and was incorporated in 1938. Greenville is also a "municipality" as that term is defined by Section 502(4) of the Act, 33 U.S.C. § 1362(4). Greenville is responsible for the operation and maintenance of one wastewater treatment plant and approximately 200 miles of sanitary sewer lines and 100 sanitary sewer pump stations and associated appurtenances. Greenville operates its sewage collection, transmission and treatment system pursuant to an NPDES permit issued under Section 402(b) of the Act, 33 U.S.C. § 1342 and Miss. Code Ann. § 49-17-29, authorizing the discharge of pollutants from a designated outfall into the Mississippi River.

## CLEAN WATER ACT AND MISSISSIPPI AIR AND WATER POLLUTION CONTROL LAW STATUTORY REQUIREMENTS

7. Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to waters of the United States, except in compliance with certain Sections of the Act, including, where applicable, an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8. Similarly, Miss. Code Ann. § 49-17-29(2) prohibits any person "to cause pollution of any waters of the state or to place or cause to be placed any

3

wastes in a location where they are likely to cause pollution of any waters of the state" without a valid permit, and Miss. Code Ann. § 49-17-43(1) provides that it is illegal to violate any permit provision.

9. Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the permit-issuing authority may issue an NPDES permit which authorizes the discharge of any pollutant, but only in compliance with the applicable requirements of Section 301 of the Act, 33 U.S.C. § 1311, and such other conditions as the Administrator determines are necessary to carry out the provisions of the Act.

10. Section 402(b) of the Act, 33 U.S.C. § 1342(b), provides that EPA may approve a state NPDES permitting program. The State, through MDEQ, is authorized to issue NPDES permits in Mississippi, and does so in accordance with its MAWPCL, Miss. Code Ann. §§ 49-17-1 through 49-17-45, and Commission Regulations WPC-1 and WPC-2.

11. Section 308 of the Act, 33 U.S.C. § 1318, and Miss. Code Ann. §§ 49-17-21 and 49-17-29, authorize EPA and MDEQ to require inspection and monitoring to determine compliance with the Act, the MAWPCL, and NPDES permits through Discharge Monitoring Reports ("DMRs") and quality assurance requirements. Data submitted on DMRs must accurately reflect the pollutants in, and toxicity of, the discharges of the permittee.

12. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section

301 of the Act, 33 U.S.C. § 1311, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342. MAWPCL provides similar authority to MDEQ. Miss. Code Ann. § 49-17-43(2).

       13.     Section 309(d) of the Act, 33 U.S.C. § 1319(d), as amended, provides that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $32,500 per day for each violation which takes place on or after March 15, 2004 until January 12, 2009, and a civil penalty not to exceed $37,500 per day for each violation which takes place after January 12, 2009, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. 101-410, enacted October 5, 1990; 104 Stat. 890, as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note; Pub. L. 104-134, enacted April 26, 1996; 110 Stat. 1321); 40 C.F.R. Part 19 (73 Fed. Reg. 75,346 (Dec. 11, 2008)). The MAWPCL provides that any person that violates effluent standards, water quality standards, permit terms or conditions, filing requirements, or fails to allow or perform entry, inspecting, monitoring or reporting requirements, is subject to a civil penalty of up to $25,000 per day per violation. Miss. Code Ann. § 49-17-43(1). Polluters or violators can also be liable for damages including state investigation and enforcement costs, removing any pollution, and compensation for loss of wildlife, fish, aquatic life and any other actual damages caused by the pollution or violation. Miss. Code Ann. § 49-17-43(3) and (4).

5

## GENERAL ALLEGATIONS

14     At all times relevant herein, Greenville has owned and operated a wastewater treatment plant ("WWTP"), and an associated separate sanitary sewer collection and transmission system ("sanitary sewer system") which receive and treat wastewater from residential, commercial, and industrial sources within Greenville. The sanitary sewer system for the WWTP includes gravity sewer lines, force mains, lift stations, pump stations, and manholes.

15.     Greenville is a municipality. It is a city created by or pursuant to Mississippi law and has jurisdiction over disposal of sewage, industrial wastes, or other wastes.

16.     Because Greenville is a municipality, at all times relevant herein, Greenville is a "person," within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5) and Miss. Code Ann. § 49-17-5(3)(b).

17.     The Greenville Wastewater Treatment Plant ("Greenville WWTP") is a device and system used in the storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature.

18.     The Greenville WWTP is a "treatment works" within the meaning of Section 212(2) of the Act, 33 U.S.C. § 1292(2) and Miss. Code Ann. § 49-17-5(1)(d).

19.     The Greenville sanitary sewer system and the Greenville WWTP include discernible, confined and discrete conveyances, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, or rolling stock from which pollutants are or may be discharged.

20. The Greenville sanitary sewer system and the Greenville WWTP are "disposal systems" within the meaning of Miss. Code Ann. §§ 49-17-5(1)(e) and 49-17-29(2)(b).

21. At times relevant herein, Greenville has discharged one or more "pollutants" including, but not limited to, sewage as defined in 33 U.S.C. § 1362(6), from its sanitary sewer system and the Greenville WWTP through "point sources" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

22. At times relevant herein, Greenville has discharged one or more "wastes" including, but not limited to, sewage as defined in Miss. Code Ann. § 49-17-5(1)(b), from its sanitary sewer system and the Greenville WWTP, including to the Mississippi River and the Steele Bayou.

23. Greenville's discharges of sewage have impacted numerous perennial canals in the Deer-Steele subbasin of the Yazoo River. The canals in Greenville flow to the east into the Main Canal. The Main Canal flows south to Granicus Bayou, which in turn, flows into Granny Baker Bayou. Granny Baker Bayou flows into Silver Lake, which flows into Black Bayou. Black Bayou flows into Steele Bayou, which flows into the Yazoo River. The Yazoo River flows into the Mississippi River. The Mississippi River, the Yazoo River, and these perennial tributaries are water bodies hereinafter collectively referred to as "Greenville area waters," and are waters of the United States and waters of the State of Mississippi.

24. "Greenville area waters" are "navigable waters" under Section 502(7) of the Act, 33 U.S.C. § 1362(7), meaning they are "waters of the United States."

25. "Greenville area waters" are "waters of the state" under Miss. Code Ann. § 49-17-5(1)(f), meaning "all waters within the jurisdiction of [the State of Mississippi], including all streams, lakes, ponds, impounding reservoirs, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, and all other bodies or accumulations of water, surface and underground, natural or artificial, situated wholly or partly within or bordering upon the state . . . except lakes, ponds or other surface waters which are wholly landlocked and privately owned, and which are not regulated under" the Act.

26. At times relevant herein, Greenville has "discharged pollutants" from "point sources" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), to "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

27. At times relevant herein, Greenville has discharged "wastes" into "waters of the state" and/or placed "wastes" in locations where they are likely to cause pollution of "waters of the state." Miss. Code Ann. § 49-17-29.

28. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), and Miss. Code Ann. § 49-17-29, MDEQ issued Greenville an NPDES permit for the Greenville sanitary sewer system and WWTP. On August 17, 2006, MDEQ issued Greenville a permit, NPDES Permit number MS0020184, which expired in 2011. The Greenville sanitary sewer system and WWTP are currently regulated

pursuant to a permit which was issued on August 29, 2011, NPDES Permit number MS0020184, which has an expiration date of July 31, 2016.

29. At all relevant times herein, Greenville's NPDES permit has authorized Greenville to discharge treated municipal wastewater from its WWTP to the Mississippi River, subject to certain limitations and conditions set forth in the NPDES permit.

30. The NPDES permit establishes certain limitations on the mass and concentration of pollutants Greenville may discharge from its WWTP during a given period. The NPDES permit also requires Greenville to monitor its discharges and submit periodic DMRs to MDEQ.

31. The NPDES permit also requires Greenville at all times to properly operate, maintain, and when necessary, promptly replace all facilities and systems of collection, treatment and control (and related appurtenances) associated with the Greenville sanitary sewer system and WWTP which are installed or used by Greenville to achieve compliance with the conditions of the permit. This provision requires the operation of back-up or auxiliary facilities or similar systems that are installed by Greenville only when the operation is necessary to achieve compliance with the conditions of the NPDES permit. The "Proper Operation, Maintenance and Replacement" requirement is contained in Condition No. T-24 of the 2006 permit and T-28 of the current NPDES permit.

32. The NPDES permit also requires Greenville to report noncompliance, such as unauthorized discharges of sewage from the sanitary sewer system, which may endanger health or the environment. Condition No. S -

4 requires that any information shall be provided orally within 24 hours from the time Greenville becomes aware of the circumstances, and that a written submission shall also be provided within five days of the time Greenville becomes aware of the circumstances. Condition No. S-5 requires Greenville to report all instances of noncompliance not reported under the 24-hour reporting requirements, at the time monitoring reports are submitted or within 30 days from the end of the month in which the noncompliance occurs.

## FIRST CLAIM FOR RELIEF
## UNAUTHORIZED DISCHARGES FROM SANITARY SEWER SYSTEM

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. On numerous occasions between August 2008 and the date this Complaint was filed, Greenville discharged untreated sewage into "Greenville area waters" from discharge points within its sanitary sewer system which were not and are not authorized by an NPDES permit.

35. Each of the discharges referred to in Paragraph 34 involved a discharge of pollutants from a point source to waters of the United States and waters of the state, within the meaning of CWA Section 502, 33 U.S.C. § 1362, and Miss. Code Ann. § 49-17-29, without authorization under an NPDES permit or other exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a), in violation of CWA Section 301, 33 U.S.C. § 1311 and Miss. Code Ann. § 49-17-29.

36. Each day of unauthorized discharges by Greenville referred to in Paragraph 34 constitutes a separate violation of CWA Section 301, 33 U.S.C. § 1311, and Miss. Code Ann. § 49-17-29.

37. Under CWA Sections 309(b) and 309(d), 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,346 (Dec. 11, 2008), codified at Title 40 C.F.R. Part 19, Greenville is liable for a civil penalty of up to $32,500 per day for each violation of CWA Section 301, 33 U.S.C. § 1311, occurring on or after March 16, 2004 until January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009. Under Miss. Code Ann. § 49-17-43, Greenville is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. § 49-17-29 occurs.

38. Unless restrained by an order of the Court, Greenville will continue to violate CWA Section 301, 33 U.S.C. § 1311 and Miss. Code Ann. § 49-17-29, by discharging untreated sewage from unpermitted discharge points within its sanitary sewer system into "Greenville area waters."

**SECOND CLAIM FOR RELIEF**
**FAILURE TO COMPLY WITH PERMIT CONDITIONS -**
**PROPER OPERATION AND MAINTENANCE**

39. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40. On numerous occasions between August 2008 and the date this Complaint was filed, in addition to the discharges referred to in Paragraph 34, Greenville has allowed spills of untreated sewage to occur from various points within its sanitary sewer system that did not reach waters of the United States or waters of the State of Mississippi.

41. From August 2008, and continuing through the date this Complaint was filed, Greenville failed to comply with a condition of the Greenville NPDES permit, Condition T-26 of the 2006 permit and Condition T-28 of the 2011 permit, respectively, by failing to properly operate and maintain all of its permitted facilities and systems of treatment and control and related appurtenances which are installed or used by Greenville to achieve compliance with the conditions of the NPDES permit, as evidenced, in part, by the discharges and spills referred to in Paragraphs 34 and 40.

42. Each day Greenville failed to comply with the "Proper Operation, Maintenance and Replacement" provision of the NPDES permit issued to it as set forth in Paragraph 41 constitutes a separate violation of the CWA and Miss. Code Ann. § 49-17-43(1).

43. Under CWA Sections 309(b) and 309 (d), 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 C.F.R. Part 19, Greenville is liable for a civil penalty of up to $32,500 per day for

12

each violation of its NPDES permit occurring on or after March 16, 2004 until January 12, 2009, and civil penalty of up to $37,500 per day for each violation of its NPDES permit occurring after January 12, 2009. Under Miss. Code Ann. § 49-17-43, Greenville is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

44. Unless restrained by an order of the Court, Greenville will continue to violate the CWA and the MAWPCL by failing to properly operate and maintain all of its permitted facilities and systems of treatment and control and related appurtenances which are installed or used by Greenville to achieve compliance with the conditions of its NPDES permit.

### THIRD CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH PERMIT CONDITIONS - EFFLUENT LIMITS IN PERMIT

45. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

46. On numerous occasions between August 2008 and the date this Complaint was filed, Greenville failed to comply with its NPDES permit by failing to comply with effluent limitations for authorized discharges at its WWTP.

47. In November 2011, Greenville violated the weekly maximum Total Suspended Solids effluent limitation in the NPDES permit.

48. In January 2015, Greenville violated the monthly average Total Suspended Solids percent removal effluent limitation in the NPDES permit.

49. In July and August 2012, Greenville violated the monthly average fecal coliform effluent limitation contained in the NPDES Permit.

50. Each day Greenville discharged effluent that failed to comply with the conditions and effluent limitations established in its NPDES permit is a separate violation of the permit.

51. Under CWA Sections 309(b) and 309 (d), 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 C.F.R. Part 19, Greenville is liable for a civil penalty of up to $32,500 per day for each violation of its NPDES permit occurring on or after March 16, 2004 until January 12, 2009; and a penalty of up to $37,500 per for each violation of its NPDES permit occurring after January 12, 2009. Under Miss. Code Ann. § 49-17-43, Greenville is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

52. Unless restrained by an order of the Court, Greenville will continue to violate the CWA and the MAWPCL by failing to comply with the effluent limitations in its NPDES permit for its WWTP.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH PERMIT CONDITIONS - FAILURE TO TIMELY REPORT NONCOMPLIANCE

53. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

14

54. The NPDES permit for the Greenville sanitary sewer system and WWTP contains noncompliance notification requirements including Condition Nos. S-4 and S-5.

55. On several occasions between August 2008 and the date this Complaint is filed, Greenville failed to provide the required notification, within the timeframes specified by the NPDES permit, of noncompliance such as spills of sewage from its WWTP and/or sanitary sewer system that were not authorized by an NPDES permit, including for a January 15, 2013 unauthorized discharge of sewage from the sanitary sewer system.

56. Each day of each noncompliance for which Greenville failed to comply with the reporting provisions of its NPDES permit constitutes a separate violation of the CWA and Miss. Code Ann. § 49-17-43(1).

57. Under CWA Sections 309(b) and 309 (d), 33 U.S.C. § 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996) (28 U.S.C. § 2461 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 C.F.R. Part 19, Greenville is liable for a civil penalty of up to $32,500 per day for each violation of its NPDES permit occurring on or after March 16, 2004 until January 12, 2009; and a penalty of up to $37,500 per for each violation of its NPDES permit occurring after January 12, 2009. Under Miss. Code Ann. § 49-17-43, Greenville is liable for a civil penalty of up to $25,000 per day during which a violation of its NPDES permit occurs.

58. Unless restrained by an order of the Court, Greenville will continue to violate the reporting provisions of the NPDES permit in violation of the CWA and the MAWPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Mississippi request that the Court enter judgment on their behalf as follows:

A. Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and Miss. Code Ann. § 49-17-43, order Greenville to undertake a program to achieve permanent and consistent compliance with all terms and conditions of its NPDES permit, the Clean Water Act, the Mississippi Air and Water Pollution Control Act, and the regulations promulgated thereunder for its WWTP and associated sanitary sewer system;

B. Pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), as amended, assess civil penalties against Greenville of up to $32,500 per day for each day of violation that occurred through January 12, 2009, and up to $37,500 per day for each day of violation that occurred after January 12, 2009, and pursuant to Miss. Code Ann. § 49-17-43, assess civil penalties of up to $25,000 per day during which Greenville violated Miss. Code Ann. § 49-17-29 and 49-17-43(1); and

  C. Grant the United States and the State of Mississippi such other relief as the Court deems appropriate.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

VALERIE K. MANN
Trial Attorney
DC Bar Number 440744
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 616-8756
Fax: (202) 616-2427
Email: valerie.mann@usdoj.gov
Lead Counsel

OF COUNSEL:
William Bush
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9538

ATTORNEYS FOR THE PLAINTIFF UNITED STATES (CONTINUED):

FELICIA C. ADAMS
United States Attorney
Northern District of Mississippi

*/s/ Feleica L. Wilson*

FELEICA L. WILSON
MS Bar ID No. 9900
Assistant U.S. Attorney
Northern District of Mississippi
900 Jefferson Avenue
Oxford, MS 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Email: feleica.wilson@usdoj.gov

ATTORNEY FOR PLAINTIFF STATE OF MISSISSIPPI BY AND THROUGH THE MISSISSIPPI COMMISSION ON ENVIRONMENTAL QUALITY AND THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY:

*Gretchen L. Zmitrovich*
GRETCHEN L. ZMITROVICH
MS Bar ID No. 101470
Senior Attorney
Office of Pollution Control
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225
Telephone: (601) 961-5050
Fax: (601) 961-5674
Email: Gretchen_Zmitrovich@deq.state.ms.us