IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE UNITED STATES OF AMERICA;                                    PLAINTIFFS
and THE STATE OF MISSISSIPPI

V.                                                       NO. 4:16-CV-00018-DMB-DAS

THE CITY OF GREENVILLE,
MISSISSIPPI                                                            DEFENDANT

## ORDER GRANTING MOTION FOR PARTIAL CONSENT DECREE

This Clean Water Act action is before the Court on the parties' March 18, 2016, "Unopposed Joint Motion to Enter Partial Consent Decree." Doc. #5. In their motion, the parties represent that they have settled some of the claims in this action and that the settlement is embodied in a consent decree. *Id*. at 1–2. The parties further represent that the proposed consent decree was submitted for public comment, that the comment period has closed, and that no comments were received. *Id*. at 2.

On a motion for entry of a consent decree, a court must first "ascertain whether the settlement is 'fair, adequate and reasonable' and is not the product of 'fraud, collusion, or the like.'" *United States v. City of New Orleans*, 35 F.Supp.3d 788, 793 (E.D. La. 2013) (quoting *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring)). If the agreement satisfies this initial inquiry, the Court "must also consider the nature of the litigation and the purposes to be served by the decree. If the suit seeks to enforce a statute, the decree must be consistent with the public objectives sought to be attained by Congress." *Id*. (quoting *City of Miami*, 664 F.2d at 441 (Rubin, J., concurring)).

The Court has reviewed the proposed consent decree and has determined that it is fair, adequate, reasonable, and is not the product of fraud or collusion. Likewise, the proposed

consent decree, which requires Defendant to take numerous steps to comply with the discharge requirements of the Clean Water Act, is clearly consistent with the public objectives sought to be attained by Congress in passing the Clean Water Act. *See Informed Citizens United, Inc. v. USX Corp.*, 36 F.Supp.2d 375, 378 (S.D. Tex. 1999) ("The fundamental purpose of the Clean Water Act is to prohibit the discharge of pollutants without a permit."). Accordingly, the parties' joint motion for entry of the partial consent decree [5] is **GRANTED**. The proposed consent decree will be entered as an order of the Court.

**SO ORDERED**, this 4th day of April, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**