IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE UNITED STATES OF AMERICA;**                                               **PLAINTIFFS**
**and THE STATE OF MISSISSIPPI**

**V.**                                               **NO. 4:16-CV-18-DMB-DAS**

**THE CITY OF GREENVILLE,**
**MISSISSIPPI**                                               **DEFENDANT**

**ORDER**

On January 28, 2016, the United States of America and the State of Mississippi filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Greenville, Mississippi, "for injunctive relief and penalties" under the Clean Water Act and the Mississippi Air and Water Pollution Control Law. Doc. #1. The parties filed a "Unopposed Joint Motion to Enter Partial Consent Decree" on March 18, 2016. Doc. #5. Based on the parties' representations in the motion that they had settled some of the claims, the settlement was embodied in a consent decree, the proposed consent decree was submitted for public comment, and no comments were received, the Court determined "the proposed consent decree, which require[d] [the City] to take numerous steps to comply with the discharge requirements of the Clean Water Act," was "fair, adequate, reasonable, and [was] not the product of fraud or collusion," and further was "consistent with the public objectives sought to be attained by Congress in passing the Clean Water Act." Doc. #7. Accordingly, on April 6, 2016, the Court granted the joint motion and entered the partial consent decree as an order of the Court. *Id.*; Doc. #8. Two weeks later, the Court directed the Clerk of the Court to administratively close the case and provided that "[s]hould further litigation be necessary, either party may move to reopen the case." Doc. #9.

Several years later, on January 23, 2023, the parties filed a joint motion to reopen the case ("Reopen Motion") "for consideration of a Joint Motion for Entry of Agreed Settlement Confidentiality Order." Doc. #11. The parties filed as a separate docket item the "Joint Motion for Entry of Agreed Settlement Confidentiality Order" ("Confidentiality Motion"). Doc. #12. In the Confidentiality Motion, the parties represent as grounds for the relief requested:

> The United States and the State share a close and common interest in the enforcement of the Federal Claims and State Claims and believe that meaningful enforcement discussions will require information exchanges and other communications and accordingly agree that the sharing of information by their employees, consultants, agents, and counsel will further their common enforcement goals;
>
> The United States and the State recognize and agree that the written and oral communications between them related to negotiations with the City, enforcement, or any other matters related to potential enforcement actions, are being made in anticipation of litigation;
>
> The City is aware of the Federal and State Claims in this matter ("Subject Claims") and wishes to avoid litigation and explore opportunities for settlement or compromise of the Subject Claims;
>
> The United States, the State, and the City recognize that meaningful settlement negotiations will require the exchange of information and opinions, offers of settlement or compromise, and other communications among them;
>
> The Movants wish to provide for the exchange of financial and technical information and related software, models, and analyses.
>
> The Movants agree that maintaining the confidentiality of Settlement Communications as defined in the proposed Settlement Confidentiality Order ("Order") would generally facilitate the free exchange of information, the expression of unvarnished opinions, and enhance the likelihood of a successful outcome;
>
> The Movants wish to provide for appropriate protection covering any privileged and confidential business information "CBI" that could be asserted and the confidentiality of exchanges occurring during the course of such discussions[.]

*Id.* at 2–3 (paragraph numbering omitted).

Upon consideration, the Reopen Motion [11] is **GRANTED**. The Confidentiality Motion

[12] is also **GRANTED**. The proposed "Settlement Confidentiality Order" will be signed and entered by the Court in a form consistent with that submitted by the parties. Once the confidentiality order is entered, the Clerk of the Court is **DIRECTED** to close this action. Should further litigation be necessary, either party may move to reopen the case.

      **SO ORDERED**, this 27th day of January, 2023.

                                              <u>/s/Debra M. Brown</u>
                                              **UNITED STATES DISTRICT JUDGE**